IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAFIQUE AHMAD<br>17217 Epsilon Place<br>Derwood, Maryland 20855 | :<br>:<br>:   Civil Action No.<br>: |
| Plaintiff, | : |
| v. | : |
| GENERAL NUTRITION CORPORATION<br>300 Sixth Avenue<br>Pittsburgh, Pennsylvania 15222 | :<br>:<br>: |
| Serve: Registered Agent:<br>National Registered Agents, Inc.<br>1015 15th Street, NW<br>Suite 1000<br>Washington, D.C. 20005 | :<br>:<br>:<br>:<br>: |
| Defendant. | : |

## COMPLAINT

Plaintiff, Rafique Ahmad ("Plaintiff"), by and through his attorneys, Eduardo S. Garcia and Stein Sperling Bennett De Jong Driscoll PC, hereby files his Complaint against Defendant General Nutrition Corporation ("Defendant"), under the D.C. Wage Payment and Collection Law ("DCWPCL"), D.C. ST § 32-1301, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the D.C. Wage Revision Act ("DCMWRA"), D.C. ST §32-1003, *et seq.*, stating as follows:

## INTRODUCTION

Plaintiff worked for Defendant as a senior store manager. Plaintiff worked for Defendant in its District of Columbia store. Plaintiff was paid at the same regular hourly rate for all hours worked. Plaintiff was specifically instructed by his regional supervisors to work over forty (40)

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

hours per week, but not to have his time card reflect more than forty (40) hours per week. Plaintiff worked approximately forty-seven and a half (47.5) hours per week and was not paid at the overtime rate of one and a half times his regular hourly rate as required by District of Columbia and federal law. Defendant also failed properly to pay Plaintiff for his accrued vacation and sick leave pursuant to company policy. Defendant has willfully violated the clear and well-established overtime and wage provisions of the FLSA, the DCMWRA, and the DCWPCL. Plaintiff seeks compensatory and statutory damages for all unpaid overtime compensation, vacation and sick leave, as well as attorneys' fees and costs.

In addition to Plaintiff's wage claims, he also has claims against Defendant resulting from acts of discrimination.  The facts demonstrate that Plaintiff's supervisor, intentionally and deliberately discriminated against Plaintiff, when he fired him under the pretext that Plaintiff had violated company policy by working off the clock.  As previously stated the regional supervisors for Defendant were not only aware of this activity, but encouraged it.  As discussed earlier, this activity was in violation of both federal and District of Columbia wage laws.  Plaintiff's supervisor wanted to get rid of Plaintiff so that he could replace him with an assistant manager who Plaintiff, with approval from human resources, had recently fired and Plaintiff's supervisor brought back to Defendant arguing that Plaintiff had fired him without cause and explanation.  Plaintiff followed the Company's policies and terminated the former assistant manager with appropriate approval.  It was clear that Plaintiff's supervisor did not like Plaintiff due to his nationality and instead sought to discredit him as a means of supporting his request for Plaintiff's termination in violation of 42 U.S.C. §2000e, *et* seq. ("Title VII").

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of Maryland.

4. Defendant General Nutrition Corporation is a Pennsylvania corporation, registered to do business in the District of Columbia.

5. At all times material herein, Defendant, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

6. Defendant is an "employer" within the meaning of the FLSA, the DCMWRA, the DCWPCL and Title VII.

7. Defendant has at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce. Defendant negotiates and purchases from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

8. At all times relevant, Defendant constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

## FACTS

9. Plaintiff was employed by Defendant from August 7, 1993 through April 10, 2017 (the "Employment Period").

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3

5529167_1

10. During the relevant statutory period, Plaintiff was compensated at a regular hourly rate of $21.62 by Defendant.

11. Plaintiff was specifically instructed by his regional supervisors to work over forty (40) hours per week, but to not have his time card reflect more than forty (40) hours per week.

12. Defendant also failed properly to pay Plaintiff for his accrued vacation and sick leave pursuant to company policy.

13. At the time of Plaintiff's termination, Plaintiff had accrued one hundred sixty-eight (168) vacation hours and ninety-six (96) sick leave hours.

14. During the statutory period, Plaintiff worked approximately forty-seven and a half (47.5) hours per week and was not compensated at the required overtime rate of one and a half times his regular hourly rate for those hours worked over forty (40) per week.

15. Plaintiff is owed approximately $3,632.16 in accrued vacation hours, $2,075.52 in accrued sick leave and $36,770.22 in unpaid overtime wages.

16. Plaintiff is owed wages that Defendant willfully failed and refused to pay to Plaintiff in violation of District of Columbia and federal law.

17. By statute, Defendant is required to maintain records that document the number of days Plaintiff worked. *See* 29 U.S.C. §211(c).

18. The precise number of hours worked and wages owed should be revealed through discovery.

19. Defendant knowingly and intentionally violated Plaintiff's rights under District of Columbia and federal law.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4

5529167_1

20. Plaintiff's supervisor, Shawn Kenney, intentionally and deliberately discriminated against Plaintiff when he fired him under the pretext that Plaintiff had violated company policy by working off the clock.

21. As previously stated, the regional supervisors for Defendant were not only aware of this activity, but encouraged it.

22. Mr. Kenney wanted to get rid of Plaintiff so that he could replace him with an assistant manager, Jonathan Davis, who Plaintiff, with approval from human resources had recently fired, and Mr. Kenney brought back to Defendant arguing that Plaintiff had fired him without cause and explanation.

23. Plaintiff followed the Company's policies and terminated Mr. Davis with appropriate approval.

24. It is clear that Plaintiff's supervisor did not like Plaintiff due to his nationality and instead sought to discredit him as a means of supporting his request for Plaintiff's termination in violation of Title VII.

## COUNT I
### (Violation of the D.C. Wage Payment and Collection Law)

25. Plaintiff adopts herein by reference paragraphs 1 through 24 above as if fully set forth herein.

26. Plaintiff's claims for unpaid overtime, vacation leave and sick leave constitute "wages" under the DCWPCL.

27. Defendant was required to pay to Plaintiff overtime wages at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week.

28. While employed by Defendant, Plaintiff worked overtime hours that were not properly compensated by Defendant as required by the DCWPCL.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

29. Pursuant to Defendant's company policy, Plaintiff was entitled to his accrued vacation and sick leave upon termination.

30. Unpaid wages are due and owing to Plaintiff by Defendant.

31. Defendant's failure and refusal to comply with its obligations under the DCWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment against Defendant, in favor of Plaintiff, in an amount to be determined at trial, but not less than $169,911.60, which is equal to the unpaid wages plus treble damages; and to grant to Plaintiff his reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper

## COUNT II
## (FLSA)

32. Plaintiff adopts herein by reference paragraphs 1 through 24 above as if fully set forth herein.

33. Defendant was required to pay Plaintiff compensation at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

34. Throughout the Employment Period, Defendant failed to compensate Plaintiff at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week.

35. Defendant's actions complained of herein constitute a willful violation of Section 207 of the FLSA.

36. Defendant's violation makes them liable to Plaintiff for all unpaid overtime compensation and an additional equal amount as liquidated damages.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant, in his favor in an amount to be determined at trial, but not less than $73,540.44, which is two times the total overtime compensation owed, and to grant to Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT III
### (Violation of the D.C. Minimum Wage Revision Act)

37. Plaintiff adopts herein by reference paragraphs 1 through 24 above as if fully set forth herein.

38. Defendant was required to pay Plaintiff one and a half times his regular hourly rate for hours in excess of forty hours per week. *See* D.C. ST §32-1012.

39. Throughout the Employment Period, Defendant failed properly to pay Plaintiff overtime as required by the DCMWRA.

40. Unpaid wages are due and owing to Plaintiff by Defendant.

41. Defendant's failure and refusal to comply with its obligations under the DCMWRA was willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant in favor of Plaintiff in an amount to be determined at trial, but not less than $73,540.44, and to grant to Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT IV
### (Violation of Title VII)

42. Plaintiff adopts herein by reference paragraphs 1 through 24 above as if fully set forth herein.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

43. Plaintiff has been the victim of unlawful discriminatory conduct in the workplace.

44. Plaintiff was unlawfully subjected to disparate treatment and suffered adverse employment actions by Defendant based on his nationality.

45. These employment actions were an unlawful violation of Title VII, 42 U.S.C. §2000e-2(a).

46. Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss wages and benefits, as the direct and proximate result of Defendant's violation of his civil rights as alleged herein.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant in favor of Plaintiff in an amount to be determined at trial, including actual damages, compensatory damages and punitive damages, and to grant to Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By:   /s/ *Eduardo S. Garcia*
Eduardo S. Garcia (1028040)
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8326 – fax
egarcia@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

8

5529167_1